ELONIA C. MILLAY, *Appellant from a decree of the Judge of Probate, versus* JAMES ·WILEY, *Executor.*

Where the validity of a will is contested, a person named therein as executor, is not " a party prosecuting or defending," within the true intent and meaning of § 83 of c. 82 of R. S. of 1857, so as to exclude him as a witness.

The provisions of that statute were intended to apply to contests that operate upon and bind the estate, to which the testator, if living, would be a party.

EXCEPTIONS from the ruling of MAY, J.

This was an appeal from a decree of the Judge of Probate, allowing the probate of the will of Phineas Butler, who was the father of the said Millay.

The testator devised most of his estate to the said Wiley, whom he nominated as executor of the will.

At the trial in the Supreme Court, on the appeal, the said Wiley was called by his counsel as a witness; the appellant objecting to the admission of his testimony, the Court excluded it. To the exclusion of his testimony, his counsel excepted.

*W. Hubbard,* in support of the exceptions.

This ruling was erroneous. Wiley's interest could be shown only to affect his credibility. It would " not excuse or exclude him." R. S. of 1857, c. 82, § 78.

He could not have been excluded by the provisions of section 80, for he is not an attesting witness.

Unless he comes within the provisions of the 83d section, he was improperly excluded.

The intention in the enactment of this section clearly was, to prevent the inequality that might otherwise arise, from permitting one, who had dealings with the testator or intestate, while alive, to testify respecting them, while his executor or administrator, having no knowledge of such dealings, could give no testimony respecting them. It was to prevent one party to a transaction from giving testimony respecting it, when the other party could not.

The *reason* for the enactment does not apply to a case of contest respecting the validity of a will. In such case, there are no dealings or transactions between the deceased and the party opposing the will. No inequality can arise from permitting the parties contesting the will to be witnesses. They are not within the mischief to be provided against. "*Cessat ratio, cessat lex.*"

A construction contrary to the true intent is not required by the use of the terms, when the party is "an executor," &c.

By the law of England, one, appointed executor by a will, is, before the probate of it, actually executor; and, as executor, he may do almost all acts, which he could do after probate of it. But, even there, he cannot sue or be sued. He cannot be a party, as executor, until after probate of the will.

Generally, in this country, the law as to executors is different from the law of England. Very clearly, it is not the law in this State. Chapter 64, § 5, of R. S., provides that "every executor, before entering on the execution of his trust, shall give bond."

Letters testamentary are to be issued to him, only after the will is proved and allowed, and bond given. § 4. And none are permitted to intermeddle except those who give bond. § 7.

When there is a delay in granting letters testamentary, a special administrator may be appointed, who may act pending the appeal. § 27.

This has been done in this case, and, since the trial, a person other than Wiley has been appointed.

How can Wiley be regarded as the actual executor, while another person is the legal representative of the estate?

If one named as executor should act without letters testamentary, he would conduct so illegally, as to become executor in his own wrong. Ch. 64, § 32.

In Virginia, one cannot legally act till he has given bond, as decided by *Monroe, Ex'r,* v. *Jones,* 4 Munf. 104.

The person named as executor in a will may, after proof of it in the Court of Probate, become the real executor; but pending an appeal by the grant to him of letters testamentary. § 31. But such is not this case.

It is very apparent, therefore, that a person named as executor in a will, is so *only nominally;* and not so *really* and *legally.*

And the words executor and administrator, as used in c. 82, § 83, have reference to *real* and *legal executors* and *administrators,* and not to persons *nominally* such, without power to do any one legal act, further than to defend their right to become *legally* such.

The provision of section 84 has reference to " special proceedings," which *operate upon and bind the estate of the deceased person,* not to contests respecting the validity of a will, or who shall be appointed an administrator or executor. The language is all suited *to such contests as bind the estate, and not to such as do not.*

It will hardly be contended that this is a case contemplated in § 83, where one is " made a party as heir of a deceased party." That language has reference to cases where a suit *is pending* and a party to it dies, and his heir is allowed to come in and prosecute or defend.

If the appellant is heir at law of the testator, she is not made a party as heir of the *deceased party; for the testator could not be a party to this contest.*

*Gould,* for the appellant.

Is Wiley "executor"? It is not necessary that the will should be *probated,* and that he should receive letters testamentary in order to constitute him executor. He receives his appointment, by nomination in the will, from the *testator,* not from the Judge of Probate.

The will is not a void instrument, as though it did *not exist,* because it has not been proved and approved.

It may be *made* void by refusing it probate; i. e., it may be set aside. But, until this is done, it is a will, and, by appointment in it, Wiley is executor.

True, before he can proceed to *administer the estate,* by our statute, he must give bond, unless the testator provide to the contrary; but even *this* is within his control, and he must receive letters testamentary. But there are many things which he can do before this takes place. He may care for the property that comes into his hands, and see that there is no *waste* of the estate. And he must present the will and cause it to be proved. In what capacity does he do *this,* if not as executor?

He is spoken of in the statute as executor before the will is proved.

It has been repeatedly held, that probate of a will is not necessary to *create* an executor; that he is not made such *by the will.*

He derives the *office* from the testator. The office is *regulated* by the statute.

The question in this case is, not whether, in the exercise of his office, he may now proceed to *administer the estate,* but, does he now *hold* the office?

Blackstone says, " an executor may do *many acts* before he proves the will." Bl. Com. b. 2, p. 507.

In *Wankford* v. *Wankford,* 1 Salk. 301, it is held that, " before an executor proves the will, he may perform *most acts incident to the office.*"

In *Smith* v. *Willes,* 1 T. R., 480, it is held that " an execu-

tor does not derive his title under the *probate,* but under the *will,* the probate is only *evidence* of his right."

In *Humphreys* v. *Humphreys,* 3 P. Williams, 351, it is said, "it is true that, in order to assert completely his claims in a court of justice, he must produce the copy of the will, certified under the seal of the ordinary. But it is not necessary, that he should be in possession of this evidence of his right, at the time he commences an action at law as executor. It will be in due time, if he obtain it before he *declares* in such action. So, if he file a bill in equity, in the same character, a probate obtained at any time before a hearing of the cause will sustain the suit."

And Blackstone, *ubi supra,* says further, after stating that an executor may do "many acts before he proves the will," gives the reason:—"But an administrator may do nothing until letters of administration are issued; for the *former* [the executor] *derives his power from the will,* and not from the *probate;* the latter owes his entirely to the appointment of the ordinary."

Starkie says, "the right of the executor is derived from the will, *and accrues immediately upon the death of the testator.*" 2 Starkie's Ev. part iv. p. *550.

The property of the deceased person vests in his executor *from the time of his death;* but in an administrator only from the time of his appointment." 5 Barn. & Ald. 714.

Our statute, c. 64, § 5, declares that "every executor, before entering upon the *execution* of his trust, shall give bond," &c.

The *existence* of the trust is presupposed. The question here is, did Wiley hold the *trust* or the *office?* Not, was he qualified to enter upon its *execution.* He could not enter upon its execution until the will was probated; and the present controversy is, whether or not it shall be. In that controversy he acts as the "executor" of the will of his testator, from whom he derives the trust. And the very question is, shall the will or wishes of his testator be *allowed* to be executed, or shall they be set aside.

What is Wiley's character in this controversy, if not executor? Is he a "party prosecuting" or a "party defending"? If so, it must be as executor, and he is therefore within the clear and unambiguous language of the exception in stat. c. 82, § 83.

If he does not represent the will in this controversy, as executor, who does? Some one *must*, the action could not proceed without parties, and one of the necessary parties is a representative of the testator. Is not Wiley legally so?

Before probate of the will he represents the testator and the estate, as we have seen by English cases, and it is the same in America, viz.:—"Upon the death of a testator, and before the probate of the will, the legal title to all the personal estate of the deceased becomes vested in the person named as executor, as trustee for the legatees, creditors and others under the will; and he is the only legal representative of the estate disposed of by the will." *Shirley* v. *Healds*, 34 N. H., 407. And, in the same case, it is held that "the person named as executor has sufficient interest in the estate of the testator, to give him a right under the statute to claim and prosecute an appeal from a decree of the Judge of Probate, refusing to admit the will to probate. His interest is sufficiently set forth by an allegation that he is named as executor of the will," &c.

What is the capacity in which he holds the property in trust for legatees and creditors, if not as executor? How does he become trustee, except by virtue of his office of executor? And we see that he possesses this character before probate of the will; and it is in this character that he acts in the suit, or proceedings to prove and set up the will.

If it was from the Probate Court that he derived his office and title of executor, there would be some propriety in contending that he was not yet executor, but was necessarily a party to the contest to see whether he *should be made such.* But we have seen that it is from the testator, not from the court, that he derives the office, and that it vests in him im-

mediately on the death of the testator, without awaiting probate of the will.

In *Shoenberger* v. *Lancaster Savings Institution*, 28 Penn. State Reports, 459, it is held, that "the appointment of executors by a testator makes them (if competent in other respects) representatives of the estate, so far as relates to acts in which they are merely passive, such as receiving notice of the dishonor of a note, even before they are qualified for the active duties of their office."

So, "an executor, whose appointment is *avoided,* by his being an attesting witness, may be appointed administrator with the will annexed." *Murphey* v. *Murphey*, 24 Missouri, (3 Jones,) 526.

How is his "appointment *avoided,*" if he does not derive the office from the testator?

In *Hill* v. *Smally*, 1 Dutcher, N. J., 374, it is held, "in an action by executors, all the executors named in the will must join, and a non-joinder, even, of such as have *omitted to prove the will or administer the estate,* is ground of abatement."

The counsel for the appellee argues that Wiley does not come within the *reason* of the exception, and "*cessat ratio, cessat lex.*" But if *any person* should be excluded, it is one in Wiley's situation.

This statute is in derogation of the common law, and is to be strictly construed. If Wiley is in fact executor within the common law meaning of that term; then he is within the exception of the statute, by language that cannot be construed away.

The opinion of the Court was delivered by

CUTTING, J. — In *Nash & al., App'ts,* v. *Reed,* [*vide* p. 168,] we have decided that the appellants were not made a party as heirs of a deceased party, and, consequently, were competent on the trial, in which an issue was made as to the validity of their ancestor's will. In that case, the question now presented arose, not directly, but only incidentally, as to whether

the person named as executor in the will, was the party prosecuting or defending, within the true intent and meaning of c. 82, § 83, so as to be excluded as a witness, before the validity of the will was established.

It is here unnecessary to repeat, and we only refer to what was said in the former case, bearing upon this question. The Court, however, very strongly intimated, that the statute exceptions to the admission of parties were never intended to embrace proceedings in relation to the probate of wills; and we may here add, that the term "special proceedings," named in § 84, has reference only to such acts as operate upon and control the estate represented. If correct in such conclusion, it would be decisive of the present inquiry. But we will proceed to give some additional reasons for our present conclusion. And, *first*, the peculiar phraseology of the statute in this particular is worthy of notice, viz. : — "The provisions of the five preceding sections shall not be applied, &c., when, at the time of trial, the party prosecuting or the party defending *is* an executor." When *is* the person named in the will an executor? Let § 4, of c. 64, answer : — "When any will is duly proved and allowed, the Judge of Probate may issue letters testamentary thereon, if he is legally competent, accepts the trust and gives bond to discharge the same." From which it appears that the following prerequisites are necessary, to constitute the person an executor : — *First*, the probate of the will, which any person interested in may offer for probate. See § § 1, 2. *Second*, competency, in the opinion of the Probate Judge. *Third*, acceptance of the trust, for which purpose he may be cited in. See § 4. *Fourth*, delivery of a bond to discharge the same. § § 4, 5. And *fifth* and last, reception of letters testamentary.

*Again*, as to the party *prosecuting* or the party *defending*. It will not be pretended that James Wiley, the excluded witness, at the time of the trial, could prosecute or defend suits in the capacity of executor, or in any way interfere with the testator's estate without becoming an executor in his own wrong. See c. 64, § 32. By § 27, "when, from any cause,

there is delay in granting letters testamentary, the Judge of Probate may appoint a special administrator, who may proceed in the execution of his duties, until it is otherwise ordered by the supreme court of probate." Now, suppose such an administrator has been appointed on the estate of the deceased, (for the contingency has happened) would the person named executor in the will, and the administrator appointed by the Judge, both be excluded as witnesses, in the prosecution or defence of suits? Certainly not; Wiley would be a competent witness in a suit brought by or against such administrator; and still, Wiley was no less an executor after the appointment of the administrator, than he was before; and the conclusion is, he never has been executor at any time, and never may be. *Exceptions sustained.*

*Verdict set aside, and new trial granted.*

TENNEY, C. J., and RICE, APPLETON, MAY and GOODENOW, J. J., concurred.