F. B. BROWN AND WIFE, *et al., caveators*, plaintiffs in errror, *vs.* JESSE B. CARROLL, propounder of the will of MARY ANN E. SIMMONS, deceased, defendant in error.

A legatee propounding for probate a nuncupative will, which is *caveated* by the heirs at law, is a competent witness in favor of the validity of the will.

*Caveat* to proof of nuncupative will. Tried before Judge SPEER. Bibb Superior Court. May Term, 1867.

Carroll offered for proof in solemn form, as the last will of Mary Ann E. Simmons, the following paper :

"GEORGIA, WILKINSON COUNTY: We, the undersigned, witnesses, state, that we were present at the death of Mrs. Mary A. E. Simmons, in the county of Wilkinson, and State of Georgia, which took place on Sunday, the third day of January, 1864, at the house of Jesse B. Carroll, of said county, she being there on a visit at the time, (her residence being in the city of Macon) and on that day, and in our presence and hearing, she called the said Carroll to the bed where she was lying, and said to him, that she wanted him to have her house and lot in the city of Macon, and then and there called one Mary A. Spears, and in our presence and hearing, and told her to bear witness, that she wanted Jesse B. Carroll to have her said house and lot. This statement was made, as above stated, in her last illness, and under a full consciousness of her approaching death, and she died in about eight hours thereafter.

In witness whereof, we have hereunto set our hands, this the 19th day of January, 1864.

MARY A. E. SPEARS.
NANCY A. PITTMAN.
her
SARAH ⋈ WOODS."
mark.

It was caveated by Brown and his wife, and others, as next of kin, upon the grounds that it was not Mrs. Simmons' will, that it was procured by fraud and undue influence, and by a conspiracy between Carroll and said witnesses.

On the trial, Jesse B. Carroll was offered as a witness, and was objected to by *caveators*, because he was the propounder of the paper, and sole legatee under it, and also administrator on the estate of Mrs. Simmons.   The objection was overruled.

CARROLL then testified that he, being Mrs. Simmons' attendant physician, she freely and voluntarily made said nuncupative will in his favor, and called upon witnesses to hear her will, by which she left him her house and lot in Macon, &c., detailing all other matters connected with said will.

The special jury set up the paper as the nuncupative will of Mrs. Simmons.

The error assigned is the admission of Carroll's testimony.

WHITTLE and DEGRAFFENRIED, for plaintiffs in error.

COBB & JACKSON, for defendant in error.

WALKER, J.

We have had several cases, during the present term, involving a construction of the "act to declare certain persons competent witnesses," acts of 1866, p. 138, Rev. Code, Sec. 3798. See Chisholm vs. Turner, from DeKalb ; Field vs. Walker, from Murray, and Stamper & Wingo vs. Robinson, from Forsyth.   This is the first case in which a will was connected with it.   The statute, as we have repeatedly held, does not exclude on account of interest, or being a party.   Where one of the original parties to the contract or cause of action in issue and on trial, is dead, the other party cannot be admitted to testify in his own favor.   In Whatley vs. Slaten, during this term, we decided that the ordinance to adjust the equities between parties to contracts, &c., applies in terms to contracts, and does not embrace wills.   Here it is not sought to set up a contract to which living and deceased persons were the parties; but the question is, what disposition did the deceased make of her property by will ; did she make a will or not ? This is a question which could not be decided until the death of the testatrix.   The statute does not embrace the execution

37

SUPREME COURT OF GEORGIA.

of wills; or perhaps it would be better to say that the death of the testatrix does not exclude parties from being witnesses in relation to the *factum* of the will, on the ground that the testatrix is dead. She is not what is meant by the other party to the contract, as specified in the *proviso* to the 1st section of the act.

In a *caveat* to a will, what is the cause of action in issue and on trial, and who are the parties to it? The cause of action is the *factum* of the will, and the parties are the propounders and the caveators. The parties to this proceeding are all in life. In no sense of the word can the testatrix be called the "other party," in opposition to either the propounder or the caveators; and it is only where one party to the original contract or cause of action is dead, that the other party is excluded. Here all the parties are in life, and both sides can be heard in behalf of their own interests. The facts of this case do not make this propounder one of those "hereinafter excepted."

Judgment affirmed.