WELCH & a., *Ex'rs*, v. ADAMS, *Ap't.*

It is not necessary to the legal execution of a will that it be signed or sealed in the presence of the subscribing witnesses, nor that the witnesses sign in the presence of each other, though such a course is usually advisable.

On the trial of an appeal from the probate of a will, the appellant cannot be a witness unless the executor testifies.

APPEAL from a decree of the probate court allowing the will of Isaac Adams. The only issue joined was, whether the testator was of sound and disposing mind. Verdict for the appellees, which the appellant moved to set aside. Neither of the appellees testified.

The appellant, by the exercise of discretion under the statute, was permitted to testify generally, but, subject to exception, was excluded as to conversations and matters occurring between himself and the deceased, and as to which the latter, if alive, could have testified, it not appearing to the court that injustice was done thereby, but quite the contrary. Neither of the executors testified, and no devisee or legatee was called by them as a witness.

The appellant requested the court to instruct the jury as follows:

1. There is no legal definition or test of insanity, or soundness of mind, or of the mental capacity to make a valid will. Soundness of mind, such as will enable a person to make a will, has reference to the business to be transacted, namely, the disposition of property by will: his mind must have been sound with reference to whatever is involved in this transaction. If it shall appear that he is able to understand the nature and situation of his property, and his relations to those persons in whom and those things in which he has been mostly interested, the nature of the act he was doing, and the relations in which he stood to the natural objects of

his bounty, this condition of his mind is evidence to be considered upon the question of his mental capacity to make a will. But such evidence furnishes no legal test of his capacity to make a will: it is simply evidence to be weighed in connection with all the other testimony in the case as to the testator's soundness or unsoundness of mind. The court does not instruct you as to what, in point of law, is mental capacity to make a will.

2. The mind of the testator must have been free from any condition which was the effect of disease, and which would or might lead him to dispose of his property otherwise than he would have done but for the effect of such mental disease. All the testimony which you have heard concerning his domestic relations, and his feelings of like or dislike towards the members of his family; all the testimony as to what he said and what he did; all the testimony concerning his disposition and temperament, and concerning any change in these respects between the earlier and later portions of his life; concerning his troubles, griefs, and disappointments; concerning his manners and habits, and any change in them between the earlier and later portions of his life; all the eccentricities and peculiarities, if you find he had any,—should be considered, so far as they may aid you in ascertaining the condition of his mind at the date of the will.

3. All infirmities, though not necessarily a disqualification, awaken caution to see if mental capacity is impaired or gone.

4. Partial insanity or unsoundness of mind will not alone always and inevitably destroy the will; but whenever the insanity, partial or general, or mental disease or derangement, modifies the disposition of the testator in the will, enters into the will and forms a part of it, it will destroy the will, even though some faculties of the mind are sound.

5. If you find, from all the evidence, the existence and effect in the will of unsoundness of mind, general or partial, such infirmity destroys the will. While it does not require universal perfection and soundness of mind to make a will, neither does it require absolute unsoundness of mind to destroy a will. If mental unsoundness or disease lurks in the will, has produced its effects there, changed or modified the disposition of the property, it is not a valid will.

The specific instructions asked for were not given, and the appellant excepted. Instructions concerning the matters referred to in the requests were given, to which no exception was taken. The other exceptions sufficiently appear in the opinion of the court.

*Wm. L. Foster, Geo. B. French,* and *Paul Wentworth,* for the appellant. The decree of a judge of probate is vacated by an appeal; and proceedings for proof of a will in solemn form are of a higher and more conclusive nature than those for proof in common form, and supersede and swallow up the less formal proceeding. There must be a confirming order in the proceedings in sol-

emn form, or the decree in common form is void, and this without
any appeal in the latter case.  G. L., c. 194, s. 8; c. 207, s. 6;
*Mathes* v. *Bennett*, 21 N. H. 188, 189, 203 ; *Brown* v. *Cochran*, 11
N. H. 199, 200 ; Smith Prob. Law 294 ; *Arnold* v. *Sabin*, 4 Cush.
46 ; *Campbell* v. *Howard*, 5 Mass. 376 ; *Sever* v. *Sever*, 8 Mass. 132,
133 ; *Ewer* v. *Beard*, 3 Pick. 64 ; *Paine* v. *Cowdin*, 17 Pick. 142 ;
*Boynton* v. *Dyer*, 18 Pick. 1, 4 ; 1 Will. Exec. 657, 658 (old ed.,
588, *n.* i) ; *Price* v. *Parker*, 1 Lev. 158 ; *State* v. *Williams*, 9 Gill
173 ; *Shauffler* v. *Stoever*, 4 Serg. & R. 202 ; *Fletcher* v. *Fletcher*,
29 Vt. 98 ; *Williams* v. *Robinson*, 42 Vt. 662, 663 ; *Shephard* v.
*Rhodes*, 60 Ill. 301.

Any appeal from the probate of a will, which puts in issue the
very question whether there is a will or not, carries with it what-
ever is necessarily involved in the appeal; it carries with it what-
ever depends for its existence upon the existence and final estab-
lishment of the will; it carries with it the question whether A B,
who may have received letters testamentary, is an executor.

Section 12, c. 207, Gen. Laws, does not qualify c. 194, s. 8, so as to
do away with the necessity for a confirming order; it only carries
back such order in its effect to the time of the first decision, but
until such confirmation is made the appeal vacates the decision or
decree.

The appellees should not be clothed with a constructive exist-
ence the better to enable them to attain actual existence.   The
statute never could have intended that witnesses competent in a
hearing upon the probate of a will in common form before a judge
of probate should be incompetent in the supreme court of probate,
merely because, in the first stage of the proceedings, the would-be
executors prevailed.   The probate in solemn form takes the place
of an appeal from the decree of probate in common form ; and an
appeal in this proceeding embraces the whole record in the probate
court as to the will's existence, and the conclusion upon this appeal
is the conclusion of the whole matter.   When a hearing is had in
common form for the probate of a will, can it be said there are
executors in existence such as are contemplated in Gen. Laws, c.
228, s. 16 ? If parties opposed to the will can then testify, what
consistency would there be in holding that the statute contemplated
that by the progress of such cases from court to court the evidence
should undergo suppression and the witnesses disqualification ?  In
this way, by the disallowance of the will at the hearing in common
form, the witnesses would remain competent, and upon an appeal
would be competent.   What sort of a construction of a statute
would this be that would lead to such incongruous results, and
narrow one's instruments for attaining justice as he progressed
from an inferior to a higher tribunal?

There is but one alternative, and that is, either to hold that the
statute embraces all parties petitioning to be appointed administra-
tors, executors, or guardians of insane persons, and thus enable

such petitioners, by prompt action, to put all adversaries *hors de combat;* or else that, until the matter of their being such representatives has been finally heard and settled, all parties shall have equal rights to be heard upon any fact that bears upon that decision.

They also cited upon this point *English* v. *Porter, ante,* 206, 214, 215; *Nash* v. *Reed,* 46 Me. 168; *Millay* v. *Wiley,* 46 Me. 230; *McKeen* v. *Frost,* 46 Me. 239, 249; *Hamilton* v. *Hamilton,* 10 R. I. 538; *Garvin* v. *Williams,* 50 Mo. 206, 212, 213; *Hunt* v. *Acre,* 28 Ala. 580; 1 Gr. Ev., *s.* 550; *Shailer* v. *Bumstead,* 99 Mass. 112, 130; *Brown* v. *Carroll,* 36 Ga. 568; *Deupree* v. *Deupree,* 45 Ga. 415, 424; *Orr* v. *Cox,* 3 B. J. Lea (Tenn.) 617, 619; 1 Bright. Pur. Dig. 624, *s.* 16; *Bowen* v. *Goranflo,* 73 Penn. St. 357; *Daniels* v. *Foster,* 26 Wis. 686; *Moulton* v. *Mason,* 21 Mich. 364, 371, 372; *Estate of Dieterich,* 1 Tucker (N. Y. Surrogate) 129; Abb. Tr. Ev. 64, *n.* 9; *Hood* v. *Lord Barrington,* 6 L. R. Eq. 222.

*E. A. Hibbard, Copeland & Edgerly,* and *Thomas J. Whipple,* for the executors.

SMITH, J. 1. The statute does not require a will to be signed or sealed in the presence of the subscribing witnesses, nor that they sign in the presence of each other (G. L., *c.* 193, *s.* 6), although this is usual, and generally advisable. The testator may have sufficient reasons for not disclosing the fact that he has made his will. Swinb. Wills 27. His acknowledgment that the seal and signature are his, with a request to the witnesses to attest the instrument, is sufficient. *Osborn* v. *Cook,* 11 Cush. 532. The fact that the will in this case was signed, sealed, and witnessed as such in the presence of the testator and subscribing witnesses. was evidence from which the jury might find that the will was attested by the subscribing witnesses at the request of the testator.

2. Prior to the passage of the act of 1857 (*c.* 1952), the contestant of a will was excluded from testifying on the trial of an appeal by reason of his interest. The general rule of the common law, then in force here, was, that a party to the record in a suit, and persons directly interested in the result of a suit, could not testify. The rule was founded partly on the general expediency of avoiding the multiplication of temptations to perjury. 1 Gr. Ev., *s.* 329. Our statute, first enacted in 1859, reads thus : " No person shall be excused or excluded from testifying or giving his deposition in any civil cause, by reason of his interest therein as a party or otherwise." G. L., *c.* 228, *s.* 13. " Neither party shall testify in a cause when the adverse party is an executor or administrator, or an insane person, unless the said executor, administrator, or the guardian of the insane party elects to testify, except as provided in the following section : " " When it clearly appears to the court that injustice may be done without the testimony of the party in such

case, he may be allowed to testify, and the ruling of the court,
admitting or rejecting his testimony, may be excepted to, and
revised." G. L., c. 228, ss. 16, 17. In *Moore* v. *Taylor*, 44 N. H.
370, 375, we said,—" The reason why the exception was made, that
where one party is an executor or administrator, and did not elect
to testify, the other party should not testify, was, to place the par-
ties upon an equal footing, and not to allow the living party to a
trade or transaction to be a witness to it when the other party to
the same transaction, being dead, cannot testify." And in *Chandler*
v. *Davis*, 47 N. H. 462, 464, decided in 1867, after the enactment
of the amendment which now constitutes section 17, we said,—
" Where the deceased had personal knowledge of the matter in
dispute, and might, if living, be a witness, it would be unequal and
unjust to allow the survivor to testify, inasmuch as the other
party, being dead, could not contradict or explain the evidence."
Also (on *p.* 465),—" But, as a general rule, when the deceased had
knowledge of the facts, and might, if living, be a witness, it would
be unequal and unfair to allow the survivor to give his uncontra-
dicted and unexplained account of the transaction. * * * But
we think that for ordinary cases, the safe guide and the decisive
test is found in the inquiry, whether the deceased, if alive, could
testify to the same matters." These observations have been ap-
proved in numerous subsequent cases. *Harvey* v. *Hilliard*, 47 N.
H. 551; *Brown* v. *Brown*, 48 N. H. 90; *True* v. *Shepard*, 51 N.
H. 501; *Stearns* v. *Wright*, 51 N. H. 600, 611; *Fosgate* v. *Thomp-
son*, 54 N. H. 455; *Hoit* v. *Russell*, 56 N. H. 559; *Page* v. *Whid-
den*, 59 N. H. 507, 511; *Bailey* v. *Harvey*, 60 N. H. 152; *Burns*
v. *Madigan*, 60 N. H. 197; *Cochran* v. *Langmaid*, 60 N. H. 571;
*English* v. *Porter*, ante 206. In these cases the matter in dispute,
or the transaction about which the deceased, if living, might tes-
tify, was in relation to some contract entered into, or tort done or
suffered by the deceased in his lifetime, the cause of action accru-
ing in the lifetime of the deceased party. In the action prose-
cuted after his decease, his executor or administrator was a party
in his representative capacity; but we think the reason which
forbids the surviving party to testify in that class of cases, unless
the executor or administrator elects to testify, is equally applicable
in a trial of an appeal upon the probate of a will. The executor
represents all the devisees and legatees, and prosecutes or defends
the appeal in their interest. In a certain sense, also, he may be
said to represent the testator, who can no longer speak for himself.
The right of a person to dispose of his estate at his pleasure is
destroyed or endangered, unless some one shall act as his represen-
tative when it is offered for probate. It is the duty of the execu-
tor to cause the will to be proved, or file it in the probate office
with his refusal in writing to accept the trust. G. L., c. 194, s. 3.
He has sufficient interest in the estate of the testator to give him
a right under the statute to claim and prosecute an appeal from a

decree of the probate court refusing to admit the will to probate. *Shirley* v. *Healds*, 34 N. H. 407; *Richardson* v. *Martin*, 55 N. H. 45. The probate of the will does not give him any interest or title either to things in action or possession; for he has the whole title and interest by the will, and not by the probate. *Hensloe's Case*, 9 Coke 38, *a.; Webster* v. *Spencer*, 3 B. & Ald. 363. The property in the goods is vested in him before probate. Com. Dig., Ex'r, B. 9; Bac. Abr., Ex'rs, E. 14. " Before probate of the will, not only is the person named as executor seized of all the personal estate of the deceased, as trustee of the legatees and others, but he is the representative of the whole estate disposed of by the will. He is not only the sole trustee for all persons having an interest under the will, but he is the only legal representative of the estate of the deceased. As such, it is his duty to cause the will to be proved, and he is aggrieved in his rights and in his property by any decree which divests him of his title in the estate of the deceased under the will." *Fowler*, J., in *Shirley* v. *Healds, supra*, 412; *Wiggin* v. *Swett*, 6 Met. 197.

The testator must be represented in court by some one, and the executor is the person appointed by him to represent him in the execution of his will. He is necessarily made a party in the probate of the will as executor. Unless he is regarded as executor for the purpose of establishing the will, he is not a party, and has no right to appear. The same injustice that the statute seeks to prevent in other actions in which the executor is a party, by excluding the surviving party from testifying, will often be done in the trial in an appeal upon the probate of a will, if the contestant can testify to matters about which the testator, if living, might testify, and perhaps contradict or explain the testimony of the contestant. A literal construction of the statute includes this case. " Neither party shall testify in a cause when the adverse party is an executor, * * * unless the executor * * * elects to testify," &c. The contestant is a party, the executors are the other party, and the appeal is a cause. The spirit and reason of the statute, being to prevent injustice, exclude the contestant, because the testator's lips are closed in death. Even in matters of accounting at common law, the admission of a party was not a matter of right. It was permitted in no case where, from the position of the parties, an unfair advantage would be given by it to one party over the other. 3 Gr. Ev., s. 338; *Page* v. *Whidden, supra.*

*Nash* v. *Reed*, 46 Me. 168, decides that the heirs of a testator who contest the probate of his will are not excluded as witnesses " as heirs of a deceased party," as being within the exception in the statute, which provides that " no person shall be excused or excluded from being a witness in any civil suit or proceeding at law or in equity (including special proceedings before courts of probate), by reason of his interest in the event thereof as party or otherwise, except, at the time of trial, the party prosecuting, or the

party defending, or any one of them, is an executor or an administrator, or made a party as heir of a deceased party." Me. Rev. Sts., *c.* 82, *ss.* 78, 83, 84.

*Millay* v. *Wiley*, 46 Me. 230, was an appeal from a decree of the probate court, allowing the will of the testator. At the trial of the appeal, the executor was called by his counsel as a witness, and was excluded. It was held, that a person named in a will as executor is not " a party prosecuting or defending," within the meaning of the statute, so as to exclude him as a witness. The court said, " He [Wiley] never has been executor at any time, and never may be."

In *McKeen* v. *Frost*, 46 Me. 239, which was an appeal from a decree of the probate court allowing a will, it was held, that a person named as executor in a will is not really and legally such until the will is proved, and he has given bond; and in a contest as to its execution, he is not within the exception of the statute. The court said, " If the will should not be approved, he never becomes an executor."

In Rhode Island, under a statute which provides that " When an original party to the contract or cause of action is dead, or when an executor or administrator is a party to the suit, the other party may be called as a witness by his opponent, but shall not be admitted to testify upon his own offer, or upon the call of his co-plaintiff or co-defendant, otherwise than now by law allowed, unless a nominal party merely " (R. I. Gen. Sts., *c.* 203, *s.* 32), it has been held, that a party appealing from a decree of a court of probate establishing a will and admitting it to probate is not disqualified from testifying upon his own offer. Among other reasons given for the decision is this, that the operation of the decree admitting the will to probate is suspended by the appeal, except so far as it admits the executor on giving bond to collect, receive, and take possession of the estate of the testator, and it is not therefore as an executor that the appellee is a party to an appeal, for he has no capacity as executor for any purpose except to collect, receive, and take possession of the estate of the testator. *Hamilton* v. *Hamilton*, 10 R. I. 538.

The Massachusetts statute (Mass. Gen. Sts., *c.* 131, *s.* 14) is materially different from ours, and the Missouri statute is said to be identical with that of Massachusetts. *Shailer* v. *Bumstead*, 99 Mass. 112, 130, and *Garvin* v. *Williams*, 50 Mo. 206, are not, therefore, in point.

In Georgia, a legatee on probate of a nuncupative will which is caveated by the heirs at law is a competent witness in favor of the validity of the will. The term " other party to the contract," used in the statute, is held not to include an executor of a will. *Brown* v. *Carroll*, 36 Ga. 568; *Deupree* v. *Deupree*, 45 Ga. 415, 424.

In Pennsylvania, by the express terms of the statute neither a party nor any person interested is excluded from testifying in this

class of cases. *Bowen* v. *Goranflo*, 73 Penn. St. 357 ; *Frew* v. *Clarke*, 80 Penn. St. 170, 179.

In Tennessee it has been held that a contest over a will is not a suit by or against an executor in such a sense as to bring the parties within the exception in the statute, which provides that "In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other to any transaction with or statement by the testator, intestate, or ward, unless called to testify by the opposite party." *Orr* v. *Cox*, 3 B. J. Lea (Tenn.) 617.

However much these cases and the reasoning of the opinions may conflict with the views we have expressed, the question can hardly be regarded as an open one in this state. In *Lord* v. *Lord*, 58 N. H. 7, this precise question, among others, was raised at the trial; but the law was regarded as so well settled that no mention was made of the point in the opinion or in the briefs on either side. In this case the will was admitted to probate in the probate court, and the appeal is by the contestant. The appeal does not vacate the decree of the probate court allowing the will, nor the decree appointing the appellees executors. The decree remains in force from the time it was made, unless reserved in this court. G. L., c. 207, s. 12. This provision of our statute may perhaps constitute a sufficient reason why, in construing our own statute as to the competency of the contestant of a will as a witness, we should not follow the decisions in other jurisdictions cited above. Our statute does not exclude a party when injustice would be done by the exclusion. He is not admitted as a matter of legal right. In this case it is proved that injustice would be done by admitting the contestant to testify. In *Drew* v. *McDaniel, Adm'r*, 60 N. H. 480, the defendant was a nominal party. The defence was made by the plaintiff's brothers, one of whom claimed title to the mortgaged premises in question, and the other was a creditor of the intestate, and both of whom elected to testify. The plaintiff was rightly allowed to testify under certain restrictions, it clearly appearing that injustice might be done without her testimony. The statute was made elastic that exact justice might be done in every case, and under the circumstances of each case. There was no error in excluding the contestant from testifying as to conversations and matters occurring between himself and the testator, as to which the latter, if alive, could have testified.

3. For the same reason the appellant's testimony in regard to copies of certain letters was properly excluded. If the letters were in the hands of the plaintiffs, he might have called them to the witness stand, and compelled their production if competent. If they were in the hands of persons without the jurisdiction, their depositions might have been taken. The testator, if living, might deny that he wrote the letters of which the papers offered purported to be copies.

4. The objection to the appellant's testifying to the condition of certain real estate in Boston having been withdrawn during the trial, the exception to the exclusion of the evidence was thereby removed.

5. The answer of a witness to the question whether the appellant wrote the will of the testator's widow, appears to have been wholly immaterial upon the issue tried, and as it does not appear that the jury was prejudiced by the evidence, the verdict will not be set aside because the evidence was not ruled out.

6. Whether the testimony of Fitzsimmons was the statement of a fact, or the expression of an opinion as to the sanity of the testator, it was admissible.  *Hardy* v. *Merrill*, 56 N. H. 227.

7. The copy of the record in the Suffolk registry of deeds of a deed from the testator to the appellant was admissible.  *Homans* v. *Corning*, 60 N. H. 418; *Forsaith* v. *Clark*, 21 N. H. 409, 422; *Harvey* v. *Mitchell*, 31 N. H. 575, 582; *Wendell* v. *Abbott*, 43 N. H. 68, 77.  A document purporting to be a copy of a public registry of deeds, kept in another state, and purporting to be duly made and attested by the proper officer, is *prima facie* evidence that the person assuming to act as register was such in fact, and that the signature is genuine.  For some purposes common convenience regards as sufficient such proof as would come from a registry of this jurisdiction.

8. No exceptions were taken to the instructions given, and it must be presumed they were satisfactory.  They were correct, and appear to have been appropriate under the circumstances of this case.  The first request related to the extent of mental capacity required for the valid execution of a will.  The instructions given upon this point were full, and it is no ground for exception that the instructions were not given in the language requested.  *Clark* v. *Wood*, 34 N. H. 447.  We have no occasion, therefore, to inquire whether the request was objectionable in any respect.

The second instruction requested was in itself correct, and was substantially given, though not in the language of the request.

The third request may as a general proposition be correct, but if given without explanation or qualification might be misleading. It was not limited to mental infirmities, and it is possible there may be mental infirmities that would not "awaken caution." Whether the infirmities in any given case are such as require caution on the part of the jury, is not a question of law.  But the request, understood in the sense in which it was probably intended, was covered by the general scope and tenor of the instructions given.

The fourth request was included, in substance, in the instructions given.

The exceptions are overruled, and the

*Decree of the probate court affirmed.*

BLODGETT, J., did not sit: the others concurred.