**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4108
_____

XIU ZHEN WENG; JIAN YUE CHEN,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES, Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A098-975-357 & A098-975-358)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2012

Before: RENDELL, VANASKIE and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 30, 2012)
_____

OPINION
_____

PER CURIAM

Petitioners Xiu Zheng Weng and Jian Yue Chen are natives and citizens of China.

In November of 2008, the Board of Immigration Appeals (BIA) entered a final order of

removal against them.  We denied the resulting petition for review.  <u>See generally</u> <u>Weng</u>

1

v. Att'y Gen., 367 F. App'x 329 (3d Cir. 2010).

On December 3, 2010, the lead petitioner filed a counseled motion to reopen proceedings with the BIA, on the basis of "new evidence which was not available at the merits hearing and which shows the Board decision was flawed." Administrative Record (A.R.) 17. Attached to the the perfunctory, four-page motion were hundreds of pages of exhibits that were not otherwise referenced or cited to within the new submission.

The BIA denied the motion. It noted, first, that it was not timely filed, and that it did not qualify for a timeliness exception.[1] A.R. 3–4. In the alternative, it exhaustively examined the new evidence presented and explained why none of it would change the ultimate outcome of the case. A.R. 4–7. Therefore, it found "no basis to reopen these removal proceedings as the lead respondent has not submitted sufficient evidence demonstrating changed country conditions or circumstances material to her claim." A.R. 7. This counseled petition for review followed.[2]

In general, a motion to reopen proceedings in front of the BIA must be filed within 90 days of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); Filja v. Gonzales, 447 F.3d 241, 253 (3d Cir. 2006). There is an exception, however, for motions that are based on changed country conditions arising in

_____

[1] The motion itself did not attempt to explain or otherwise justify the timeliness issue, so the BIA's consideration of the matter was quite generous.

[2] We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the final order of the BIA. Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003).

2

the country of nationality or the country to which removal has been ordered.  8 U.S.C.

§ 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); Filja, 447 F.3d at 253.

The BIA entered its final administrative order of removal on November 10, 2008,

and the motion to reopen was filed December 3, 2010—which, by our count, is 753 days

later, substantially beyond the 90 days afforded by statute and regulation.  But neither

below nor before this Court has the lead petitioner demonstrated awareness of the

timeliness problem facing her motion.  In her counseled opening brief, the petitioner

argues only that she and her husband have demonstrated that they are entitled to asylum

based on the voluminous new evidence they submitted.  It is not enough to show a prima

facie case for relief, and nowhere does she argue that the evidence shows worsening or

changing conditions in China.  Because the petitioner has failed to raise and argue this

prerequisite gatekeeping factor, she has waived its consideration before us, see Li v. Att'y

Gen., 633 F.3d 136, 140 n.3 (3d Cir. 2011); and, as a result, she is not entitled to relief.[3]

For the foregoing reasons, we will deny the petition for review.

---

[3] Although we need not reach the issue, we detect no sign that the BIA's thorough opinion was "arbitrary, irrational, or contrary to law."  Contreras v. Att'y Gen., 665 F.3d 578, 583 (3d Cir. 2012).